IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TROY LOZANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-cv-0034 |
| ) | |
| CITY OF CLARKSVILLE, *et al.*, ) | Judge Trauger |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

The plaintiff Troy Lozano, proceeding *pro se*, has filed a civil rights complaint against defendants City of Clarksville ("City") and Officer T. Bell of the Clarksville Police Department. (ECF No. 1.) Additionally, the plaintiff has applied to proceed *in forma pauperis*. (ECF No. 2)

Because it is apparent from the plaintiff's application that he lacks sufficient resources from which to pay the required filing fee, his application to proceed *in forma pauperis* (ECF No. 2) will be granted.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Begola v. Brown*, 172 F.3d 47 (Table), 1998 WL 894722, at *1 (6th Cir. Dec. 14, 1998) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDaniel*, 454

U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## I. FACTUAL ALLEGATIONS

In his complaint, the plaintiff alleges that on November 9, 2016, Officer Bell initiated a traffic stop of the plaintiff for driving without a seat belt. Officer Bell asked the plaintiff for his license and registration. The plaintiff at first refused to give Officer Bell his documents but later relented. Officer Bell ticketed the plaintiff for violation of Section 10-101 of the Clarksville City Code. On January 6, 2017, the plaintiff's ticket was dismissed by the Clarksville City Court.

The plaintiff alleges that the City and Officer Bell violated his Fourth, Fifth and Fourteenth Amendment rights, along with his rights under 18 U.S.C. §§ 241 and 242.

As relief, the plaintiff seeks monetary damages against each defendant.

## II. STANDARD OF REVIEW

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [§ 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*,

631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

## III. DISCUSSION

### A. Constitutional Violations against the City

The plaintiff identifies the City as a defendant but fails to set forth any facts to suggest what he thinks the City did to violate his constitutional rights.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The plaintiff has failed to attribute any conduct at all to the City. Where a defendant is named but the plaintiff fails to allege that the defendant engaged in any specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights).

Moreover, to succeed on a claim against the City, Plaintiff must allege that he has suffered harm because of a constitutional violation and that a policy or custom of the City caused the harm. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Soper v. Hoben*, 195 F.3d 845, 853-54 (6th Cir. 1999). The plaintiff does not allege that any policy or custom of the City caused any of the constitutional violations about which he complains. Consequently, the City must be dismissed.

### B. Constitutional Violations against Officer Bell

The plaintiff alleges that Officer Bell violated his Fourth, Fifth and Fourteenth Amendment rights when Officer Bell conducted a traffic stop of the plaintiff for a seatbelt violation and, in the course of the traffic stop, asked to see the plaintiff's driver's license and registration. As a matter of law, the plaintiff's constitutional claims must fail.

It is beyond dispute, that a police officer may legally stop a car if the officer has probable cause to believe that a civil traffic violation has occurred. *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008) (citing *United States v. Sanford*, 476 F.3d 391, 394 (6th Cir. 2007)). The plaintiff does not set forth any facts to suggest that Officer Bell did not have probable cause

4

when he stopped the plaintiff.

Once a valid traffic stop has been made, the United State Supreme Court has made clear that checking a driver's license and registration is ordinarily incident to a traffic stop, and not a Fourth Amendment violation, stating:

> Beyond determining whether to issue a traffic ticket, an officer's mission includes ordinary inquiries incident to [the traffic] stop. Typically such inquiries involve checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance. These checks serve the same objective as enforcement of the traffic code: ensuring that vehicles on the road are operated safely and responsibly.

*Rodriguez v United States*, __U.S. __, 135 S.Ct. 1609, 1615 (2015); *see also, United States v. Lash*, ___ F'App'x ___, 2016 WL 7093990, at *2 (6th Cir. Dec. 6, 2016) (affirming that "checking a driver's license, registration, or proof of insurance, falls within th[e] category of routine incidental requests); *Glasscock v. Vill. of Mt. Orab, Ohio*, No. 1:15-cv-454, 2016 WL 7971731, at *5 (S.D. Ohio Dec. 22, 2016), report and recommendation adopted *sub nom. John R. Glasscock, v. Village of Mt. Orab, et al.* (S.D. Ohio Jan. 23, 2017) (holding that the plaintiff's claim that a police officer's request for his identification during a legitimate traffic stop violated his Fourth Amendment right was legally frivolous). Thus, the plaintiff fails to allege facts to suggest that his Fourth Amendment rights were violated.

The plaintiff also alleges that his Fifth Amendment rights were violated, but he does not explain the basis for this claim. To the extent the plaintiff intends to allege that Officer Bell violated his rights under the due process clause of the Fifth Amendment, he fails to state a claim because the due process clause of the Fifth Amendment applies only to the federal government, and not to state or individual action. *See Davis v. Passman,* 442 U.S. 228, 233 (1979); *Sturgell v. Creasy,* 640 F.2d 843, 850 (6th Cir. 1981).

To the extent the plaintiff intends to suggest that his Fifth Amendment rights were violated by the compelled disclosure of his driver's license. Like his Fourth Amendment claim, this claim is legally frivolous. The Fifth Amendment protects a person from being compelled to make self-incriminating statements in the context of a custodial interrogation. *See Miranda v. Arizona*, 384 U.S. 436, 468-70 (1966). "The Fifth Amendment, of course, is not concerned with nontestimonial evidence." *Oregon v. Elstad*, 470 U.S. 298, 304 (1985) (citing *Schmerber v. California,* 384 U.S. 757, 764 (1966)). The plaintiff's driver's license is not testimonial evidence, but even if it were, the plaintiff does not allege that he was ever in custody. Consequently, the plaintiff fails to state a claim for violation of his Fifth Amendment rights.

Finally, to the extent the plaintiff alleges that his Fourteenth Amendment right to due process was violated by Officer Bell's conduct, this claim must suffer the same fate as those above. The plaintiff does not set forth any facts to suggest that he was deprived of any protected interests during the course of the traffic stop. "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).

Moreover, the plaintiff cannot raise a substantive due process claim because the Fourth Amendment guides the court's inquiry regarding his claims about the traffic stop. "Where a particular [a]mendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that [a]mendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing such a claim." *Albright v. Oliver*, 510 U.S. 266, 266 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims

involving unreasonable search or seizure)).

Based on the foregoing, the plaintiff fails to state any claims upon which relief may be granted against Officer Bell.

### C. **28 U.S.C. §§ 241 and 242**

The plaintiff alleges that defendants violated his rights under 28 U.S.C. §§ 241 and 242. Neither §241 nor §242 provide for a private right of action. *See Davis v. Sarles*, 134 F.Supp.3d 223, 228 (D.D.C. 2015) (noting that 18 U.S.C. §§ 241 and 242 are federal criminal statutes and do not create a private right of action); *Diaz Aviation Corp. v. Airport Aviation Servs., Inc.*, 762 F. Supp. 2d 388, 393 (D.P.R. 2011) (same) *Peabody v. United States*, 394 F. 2d 175 (9th Cir. 1968) (same). Consequently, the plaintiff fails to state a claim upon which relief can be granted.

## IV. CONCLUSION

Because the complaint does not contain sufficient facts to plausibly allege any claims upon which relief may be granted, this action will be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). For the same reasons that the court dismisses this action, the court finds that an appeal of this action would not be taken in good faith. The court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by the plaintiff would not be taken in good faith, and the plaintiff will not be granted leave by this court to proceed on appeal *in forma pauperis*. An appropriate order is filed herewith.

ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE